IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIDGET LOGSDON-ISTED and MARILYN BYARS individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RIVIAN AUTOMOTIVE, INC. and RIVIAN AUTOMOTIVE, LLC, <br><br> Defendants. | Case No. 1:26-cv-01046 <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Named Plaintiffs Bridget Logsdon-Isted and Marilyn Byars (collectively, "Plaintiffs") individually and on behalf of all others similarly situated (the "Class"), by and through their attorneys, bring the following Class Action Complaint ("Complaint") against Defendants Rivian Automotive, Inc. and Rivian Automotive, LLC (collectively, "Rivian" or "Defendants"), to redress and curtail Defendants' unlawful solicitation and receipt of Plaintiffs' and similarly situated individuals' sensitive and proprietary genetic information. Plaintiffs allege as follows upon personal knowledge as to themselves, their own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by their attorneys:

### NATURE OF THE ACTION

1. Defendants operate the Rivian vehicle manufacturing plant located at 100 N. Rivian Motorway in Normal, IL, 61761.

2. Plaintiff Logsdon-Isted, a former Rivian quality technician, and Plaintiff Byars, a former Rivian manufacturing team member, bring this action against their employer, Rivian, for

violations of the Illinois Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/1, *et seq.*, to obtain redress for the misuse of their and similarly situated employees' genetic information. As a condition of employment, Defendants require employees, including Plaintiffs, to undergo physical exams during which they are required to disclose genetic information, including their family medical histories.

3. Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among employers – the Illinois General Assembly enacted GIPA in part to protect Illinois residents from having their genetic information being used against them in employment settings.

4. Consistent with this goal, GIPA provides strong legal protections to ensure that Illinois residents can take advantage of the knowledge that can be gained from obtaining personal genetic information, without fear that this same information could be used by employers to discriminate against them.

5. Among its other protections, GIPA prohibits employers from soliciting or using genetic information in making employment decisions. GIPA bars employers from asking about employees or potential employees' genetic information, prevents employers from obtaining this information from third parties, and forbids employers from using such information to affect the terms and conditions of employment.

6. To accomplish this goal, GIPA employs a comprehensive definition of "genetic information" that includes information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or

participation in clinical research which includes genetic services, by the individual or any family member of the individual. *See* 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

7. Despite GIPA's prohibitions, some companies in Illinois still ask their employees or applicants to provide their protected family medical histories when making hiring determinations and job assignments in violation of the statutory right to genetic privacy.

8. Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

9. In requiring workers, such as Plaintiffs, to disclose their family medical histories, Defendants have violated Plaintiffs' and the other putative Class members' statutory right to genetic privacy.

10. Defendants chose to disregard Illinois' genetic privacy laws by asking their workers to provide genetic information in the form of family medical histories to assist them in making employment decisions.

11. Accordingly, Plaintiffs, on behalf of themselves as well as the putative Class, seek an Order: (1) declaring that Defendants' conduct violates GIPA; (2) requiring Defendants to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiffs and the proposed Class.

## PARTIES

12. Plaintiff Bridget Logsdon-Isted is a natural person and a citizen of the State of Illinois.

13. Plaintiff Marilyn Byars is a natural person and a citizen of the State of Illinois.

14. Defendant Rivian Automotive, Inc. is a limited liability company organized under the laws of Delaware with its principal place of business located at 14600 Myford Road, Irvine, California, 92606. Rivian Automotive, Inc. conducts business in the state of Illinois.

15. Defendant Rivian Automotive, LLC is a limited liability company organized under the laws of Delaware. Rivian Automotive, LLC is registered to do business in Illinois and conducts business in the state of Illinois. Rivian Automotive, LLC is a wholly-owned subsidiary of Rivian Automotive, Inc.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1446(d), because: (i) Defendants are incorporated under the laws of Delaware with their principal places of business located in California; (ii) Plaintiffs are Illinois citizens; (iii) the proposed Class consists of well over 100 persons; and (iv) the aggregate amount in controversy exceeds $5 million.

17. This Court has personal jurisdiction over each Defendant because they purposefully conduct substantial and continuous business activities within the State of Illinois, including at the Rivian vehicle manufacturing plant located at 100 N. Rivian Motorway in Normal, IL, 61761.

18. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conducted business in this judicial district and committed the statutory violations alleged herein in this judicial district.

## FACTUAL BACKGROUND

**I.     The Genetic Information Privacy Act**

19. The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather

genealogical information about themselves and their relatives, to discover their genetic predisposition for diseases before any symptoms manifest, and in some cases to prevent and treat such diseases.

20. As recognized by the Center for Disease Control and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown, so too has the potential for abuse and discrimination. To address these concerns and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use, and disclosure of such information.

21. In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/1, *et seq.*, out of recognition that genetic information (such as family medical history) could be used for discriminatory purposes.

22. The Illinois Legislature amended GIPA in 2008 to increase its protections and harmonize Illinois state law with the then-recently passed Federal Genetic Information Nondiscrimination Act of 2008 ("GINA"), 110 P.L. 233; *see also* 42 U.S.C. § 2000ff. The 2008 amendments to GIPA sought to further prohibit discriminatory practices of employers through the use of genetic information of employees, including such employees' family medical history.

23. To accomplish the Illinois Legislature's goal of ensuring that genetic information is not used to discriminate against employees, GIPA adopted Congress' definition of "genetic information" that includes not just the narrow results of an individual's genetic tests, but also information regarding "[t]he manifestation of a disease or disorder in family members of such individual[.]" 410 ILCS 513/10; *see* 45 C.F.R. § 160.103.

24. GIPA bars employers from directly or indirectly requesting or using genetic information in hiring, firing, demoting, or in determining work assignment or classifications of

applicants or employees. Specifically, GIPA states: "An employer … shall not directly or indirectly do any of the following:

    a. Solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization, or licensure;

    b. Affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member or information about a request for or the receipt of genetic testing by such employee or family member of such employee;

    c. Limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

    d. Retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c).

25. In order to enforce these and other requirements, GIPA provides individuals with a broad private right of action, stating: "Any person aggrieved by a violation of this Act shall have a right of action … against an offending party." 410 ILCS 513/40(a). Under this private right of action, a party may recover, for each violation: (a) $2,500 or actual damages, whichever is greater; for a negligent violation, or $15,000 or actual damages, whichever is greater, for a willful violation; (b) reasonable attorneys' fees; and (c) "[s]uch other relief, including an injunction, as the … court may deem appropriate." *Id.*

26. Thus, GIPA provides valuable privacy rights, protections, and benefits to the

citizens of Illinois and provides those citizens with the means to aggressively enforce those rights.

**II.      Defendants Violated the Genetic Information Privacy Act.**

27.     Defendants failed to take note of Illinois law governing the solicitation, collection, and use of genetic information. As a result, Defendants solicit, collect, and use individuals' genetic information in violation of GIPA.

28.     During the onboarding process, Defendants, or an agent acting on their behalf, require each worker, as a condition of his or her employment, to complete forms containing questions concerning his or her family medical history, *i.e.,* the manifestation of diseases or disorders in the worker's family members, such as whether the worker's family members have a history of diabetes, cancer, heart disease, or other medical conditions.

29.     Once hired, Defendants also require individuals who are injured and/or become ill while working to submit to a physical examination administered at a Medcor clinic.

30.     During each Medcor clinic examination, Defendants, or an agent acting on their behalf, again require the worker to complete forms containing questions concerning his or her family medical history.

31.     Thus, Defendants request and solicit Plaintiffs' and the putative class's sensitive genetic information as a condition of employment.

32.     By and through the actions detailed above, Defendants disregard Plaintiffs' and other Illinois workers' legal rights in violation of GIPA.

**III.     Plaintiff Bridget Logsdon-Isted's Experience**

33.     Between March 2022 and January 2025, Plaintiff Bridget Logsdon-Isted worked for Defendants as a quality technician at Defendants' vehicle manufacturing plant located at 100 N. Rivian Motorway Normal, IL 61761.

34. During the onboarding process, as a condition of her employment, Defendants, through one or more of their representatives, required that Logsdon-Isted complete forms containing questions concerning whether her family members suffer from diseases or disorders, such as diabetes, cancer, and heart disease.

35. In response, Logsdon-Isted disclosed, in writing, her genetic information, including inheritable diseases and disorders, with which her family members have been diagnosed.

36. Approximately six months after Logsdon-Isted began working for Defendants, upon suffering an injury while working, Defendants required Logsdon-Isted to undergo a physical examination performed at Defendants' Medcor clinic.

37. During the examination, Defendants, or an agent acting on their behalf, again required Logsdon-Isted to complete forms containing questions concerning her family medical history.

38. In response, Logsdon-Isted again disclosed, in writing, her genetic information, including inheritable diseases and disorders, with which her family members have been diagnosed.

39. When working for Defendants, any time Logsdon-Isted was injured or became ill while working, Defendants required her to report to a Medcor clinic to undergo a physical examination and subjected her to a process identical to the one set forth above.

40. Thus, Logsdon-Isted's sensitive genetic information was requested and solicited by Defendants as a condition of her employment.

41. By requiring Plaintiff to answer questions about her medical history, Defendants directly or indirectly solicited, requested, and/or required Logsdon-Isted to disclose her genetic information in violation of GIPA.

**IV.   Plaintiff Marilyn Byars' Experience**

42.   Between February 2023 and January 2024, Plaintiff Marilyn Byars worked for Defendants as a production team member at Defendants' vehicle manufacturing plant located at 100 N. Rivian Motorway Normal, IL 61761.

43.   When working for Defendants, Byars was required to report to Defendants' Medcor clinic to undergo a physical examination on at least two separate occasions.

44.   During the examinations, Defendants, or an agent acting on their behalf, required Byars to complete forms containing questions concerning her family medical history.

45.   In response, Byars disclosed, in writing, her genetic information, including inheritable diseases and disorders, with which her family members have been diagnosed.

46.   Thus, Byars's sensitive genetic information was also requested and solicited by Defendants as a condition of her employment.

47.   By requiring Byars to answer questions about her family medical history, Defendants directly or indirectly solicited, requested, and/or required Byars to disclose her genetic information in violation of GIPA.

**CLASS ALLEGATIONS**

48.   Pursuant to Fed. R. Civ. P. 23(b)(3), Plaintiffs bring claims on their own behalf and as representatives of all other similarly-situated individuals pursuant to GIPA, 410 ILCS § 513/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

49.   As discussed *supra*, under GIPA, an employer shall not directly or indirectly solicit, request, require, or purchase genetic information of a person or a family member of the person as a condition of employment or as part of any preemployment application. 410 ILCS 513/25(c)(1).

50. Plaintiffs seek class certification under Fed. R. Civ. P. 23(b)(3) for the following class of similarly-situated individuals under GIPA:

> All individuals from whom Defendants, or an agent acting on behalf of Defendants, requested and/or obtained genetic information, including family medical history, in connection with the person's application for employment or the person's employment with Defendants in the State of Illinois.

51. This action is properly maintained as a class action under Fed. R. Civ. P. 23(b)(3) because:

   A. The class is so numerous that joinder of all members is impracticable;

   B. There are questions of law or fact that are common to the class;

   C. The claims of the Plaintiffs are typical of the claims of the class;

   D. The Plaintiffs will fairly and adequately protect the interests of the class;

   E. Questions of law or fact common to class members predominate over any questions affecting only individual members; and

   F. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### Numerosity

52. The total number of putative class members exceeds fifty (50) individuals. The exact number of class members can easily be determined from Defendants' records.

### Commonality

53. There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiffs and all members of the Class have been harmed by Defendants' failure to comply with GIPA. The common questions of law and fact include, but are not limited to the following:

   A. Whether Defendants' conduct is subject to GIPA;

   B. Whether Defendants, or an agent acting on behalf of Defendants,

          directly or indirectly solicited, requested, or required Plaintiffs and the Class to disclose their genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(1);

C. Whether Defendants' violations of GIPA have raised a material risk that Plaintiffs' genetic information will be unlawfully accessed by third parties;

D. Whether the violations of GIPA were committed negligently;

E. Whether the violations of GIPA were committed intentionally and/or recklessly; and

F. Whether Defendants are "employers" under GIPA and are therefore subject to GIPA's requirements.

54. Plaintiffs anticipate that Defendants will raise defenses that are common to the class.

## Typicality

55. The claims asserted by Plaintiffs are typical of the class members they seek to represent. Plaintiffs have the same interests and suffer from the same unlawful practices as the class members.

56. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Fed. R. Civ. P. 23.

## Adequacy

57. Plaintiffs will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiffs and class members. Plaintiffs, moreover, have retained experienced counsel that are competent in the prosecution of complex

litigation and who have extensive experience acting as class counsel.

## Predominance and Superiority

58. The common questions identified above predominate over any individual issues. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

59. Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## CAUSE OF ACTION

**Violation of 410 ILCS 513/25(c): Soliciting, Requesting, and/or Requiring Genetic Information of a Person or a Family Member of a Person as a Condition of Employment or Pre-Employment Application**

60. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

61. Defendants are entities that employ individuals within the state of Illinois and

therefore each meet the definition of an "employer" under GIPA. 410 ILCS 513/10.

62. GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

63. Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of employment or as part of any preemployment application. 410 ILCS 513/25(c)(1).

64. As a condition of their employment, Defendants required Plaintiffs and the Class to submit to physical examinations during which Defendants, or an agent acting on Defendants' behalf, required them to complete forms that contained questions concerning their family medical histories, *i.e.*, the manifestation of a disease or disorder in their family members. Defendants therefore directly or indirectly solicited, requested, and required Plaintiffs and the members of the Class to disclose their genetic information.

65. Plaintiffs and the Class also provided accompanying personal identifying information, including their full names, home addresses, date of birth, social security information and gender to Defendants as part of their employment applications.

66. The information solicited, requested, and/or obtained from Plaintiffs and the Class constitutes "genetic information" as defined by GIPA. 410 ILCS 513/10.

67. Plaintiffs and the other Class members have been aggrieved by Defendants' above violations of their statutorily protected right to privacy in their genetic information as set forth in GIPA.

68. Defendants' violations of GIPA, a statute that has been in effect since 1998, were knowing and willful, or were at least in reckless disregard of the statutory requirements.

Alternatively, Defendants negligently failed to comply with GIPA.

69. On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendants to comply with GIPA's requirements that prohibit the solicitation, request, or requirement of genetic information as a condition of employment, as described herein; (3) statutory damages of $15,000 for each intentional or reckless violation of GIPA pursuant to 410 ILCS 513/40(a)(2) or, in the alternative, statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 410 ILCS 513/40(a)(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs Bridget Logsdon-Isted and Marilyn Byars respectfully request that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Bridget Logsdon-Isted and Marilyn Byars as Class Representatives, and appointing Stephan Zouras, LLC as Class Counsel;

B. Declaring that Defendants' actions, as set forth above, violate GIPA;

C. Awarding statutory damages of $15,000 for *each* reckless violation of GIPA pursuant to 410 ILCS 513/40(a)(2) or, in the alternative, statutory damages of $2,500 for *each* negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(1);

D. Declaring that Defendants' actions, as set forth above, were intentional and/or reckless;

E. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Class, including an Order requiring Defendants to comply with GIPA pursuant 410 ILCS 513/40(a)(4);

F. Awarding Plaintiffs and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

G. Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

H.    Awarding such other and further relief as equity and justice may require.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury for all issues so triable.

Date: January 30, 2026

Respectfully Submitted,

*/s/ Ryan F. Stephan*

Ryan F. Stephan
James B. Zouras
Teresa M. Becvar
**STEPHAN ZOURAS, LLC**
222 W. Adams St.
Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
tbecvar@stephanzouras.com

**ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASS**